MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: Mariner Finance

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>STEVEN KENNY<br>JEWELIE J. KENNY | Case No. 18-29792(CMG)<br><br>Chapter 13<br><br>Hearing Date: 1-16-19<br><br>**OBJECTION TO CONFIRMATION** |

Mariner Finance ("Mariner), a secured creditor of the Debtors, objects to the Debtors' Plan for the following reasons:

a. **Debtors not entitled to a discharge**: Mariner has a first security interest encumbering a 2008 Ford Expedition owned by the Debtors. Since the debtors are not entitled to a discharge, to be confirmable under Code section 1325, the plan must provide that Mariner will retain the lien securing its claim until payment of the underlying debt determined under nonbankruptcy law. In other words, Mariner must be paid the net loan balance at filing of $8955.23 plus contract rate of interest at 26.99%. The trustee should compute

    interest.  If interest was pre-computed, the trustee would pay Mariner $16,403.84 over 60 months.

b. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  Mariner Finance must be listed as loss payee or additional insured. **The Debtors must provide Mariner with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the Debtors provide proof of insurance.**

c. **Adequate protection:**  The plan violates Code section 1325, 1326 and 361.  It fails to provide for adequate protection payments to Mariner.  Mariner requests adequate protection payments of $164 per month beginning in November of 2018 to be paid before and after confirmation until regular distributions begin to be made to it.  Mariner requests that adequate protection payments be given super priority administrative expense status and paid ahead of attorney fees.

d. Mariner must retain its lien on the vehicle following confirmation.

e. **Order of distributions:** The order of distributions in the plan must be revised to provide for the priority of adequate protection payments to Mariner Finance.

/s/ John R. Morton, Jr.
John R. Morton, Jr., attorney for
Mariner Finance

Dated: 12-6-18