| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>District of New Jersey | |
| Albert Russo<br>Cn 4853<br>Trenton, NJ  08650<br>(609) 587-6888<br>Standing Chapter 13 Trustee | **Order Filed on January 24, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>Steven P. Kenney<br>Jewelie J Kenney<br><br>Debtor(s) | Case No.: 18-29792 / CMG<br><br>Hearing Date:  01/16/2019<br><br>Judge: Christine M. Gravelle<br><br>Chapter: 13 |

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

**DATED: January 24, 2019**

_Honorable Christine M. Gravelle_
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 10/04/2018, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 60 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$5,595.00 PAID TO DATE

$1,964.00 for 57 months beginning 2/1/2019

**ORDERED** that the case is confirmed to pay 100% dividend to general unsecured creditors.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a).

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

Order to be submitted with Consumer Portfolio, court claim 1-1, as to cram amount to be paid through the plan within 60 days of confirmation.

Order to be submitted with Mariner Finance LLC, court claim 5-1, as to cram amount to be paid through the plan within 60 days of confirmation.

Claims and motion to allow per plan amounts to Beachwood Sewerage and Borough of Beachwood Water Dept, must be filed within 60 days of confirmation.

United States Bankruptcy Court
District of New Jersey

In re:
Steven P. Kenney
Jewelie J Kenney
       Debtors

Case No. 18-29792-CMG
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-3     User: admin     Page 1 of 1     Date Rcvd: Jan 24, 2019
                         Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 26, 2019.
db/jdb       Steven P. Kenney,    Jewelie J Kenney,    853 Ensign Ave,    Beachwood, NJ   08722-2405

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                           TOTAL: 0

       ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                           TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 26, 2019                                     Signature:    /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 24, 2019 at the address(es) listed below:
           Albert    Russo    docs@russotrustee.com
           Francis T. Tarlecki    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited Liability Company Njecfmail@mwc-law.com,   ftarlecki.kashlaw@gmail.com
           John R. Morton, Jr.    on behalf of Creditor    Mariner Finance LLC ecfmail@mortoncraig.com, mortoncraigecf@gmail.com
           Kevin Gordon McDonald    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited Liability Company kmcdonald@kmllawgroup.com,   bkgroup@kmllawgroup.com
           Marc C. Capone    on behalf of Joint Debtor Jewelie J Kenney mcapone@caponeandkeefe.com, docs@caponeandkeefe.com
           Marc C. Capone    on behalf of Debtor Steven P. Kenney mcapone@caponeandkeefe.com, docs@caponeandkeefe.com
           Melissa S DiCerbo    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited Liability Company nj-ecfmail@mwc-law.com,   nj-ecfmail@ecf.courtdrive.com
           U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                                                                    TOTAL: 8